May 2, 2018



I, Pat Bombard, the Appellant in the case, submit the following list of documents as well as the Statement of Issues regarding Case number 09-50026 (MG): In re: Motors Liquidation Company, f/k/a General Motors Corporation, et. al.

### Statement of the Issues:

**I.  Venue:**
The bankruptcy court was the improper venue for the hearing to commence because there was an automatic stay pursuant to the dealer-franchise hearing. The matter should have been decided by the dealer-franchise hearing at the Department of Motor Vehicles and should have never been heard at the bankruptcy court.

**II. Jurisdiction:**
The bankruptcy court lacks jurisdiction in this matter, as can be seen in the case of Beck Chevrolet Co., Inc. v. General Motors, LLC. Docket Nos. 13-4066 and 13-4310. Proper jurisdiction belongs to the Department of Motor Vehicles and their dealer-franchise hearings.

**III. Bad Faith:**
General Motors, LLC, raced to the bankruptcy court on March 29, 2018, a court with no legal standing in this matter, to seek a decision. A hearing commenced on April 12, 2018 with a decision having been reached on April 13, 2018. This was all done with the full knowledge by all parties involved that a hearing was scheduled for April 23, 2018 at the New York State Department of Motor Vehicles, the proper venue for this matter. By reaching a decision ten days before the April 23 hearing, the need for a hearing in the proper venue was negated, overruled by a court with no jurisdiction or standing. The fact that this was arbitrated in a bankruptcy court when the matter has nothing to do with that is laughable. This is, and always has been about a breach of a Dealer Sales and Service Agreement between franchisor and franchisee, a legal battle that the bankruptcy court holds no jurisdiction over.

### Conclusion:

General Motors, LLC overstepped the boundaries of jurisdiction to attempt to garner a favorable decision through the bankruptcy court, an improper venue for this type of case. Due to the issues outlined above, the decision of the bankruptcy court favoring General Motors should be vacated and a hearing should be scheduled in the New York State Department of Motor Vehicles as is customary in this type of case, and had been scheduled before the Appellee circumvented the jurisdiction.



**Redesignated Record on Appeal:**

Notice of Appeal, filed April 19, 2018

Order and Decision of the Circuit Court Judges, decided December 29, 2016

Letter, detailing the facts of the case, dated April 3, 2018, with exhibits

    Chapter 11 motion to dismiss, dated April 3, 2018

    Statement of Facts, dated December 19, 2017

    Letter from Frederick Guy to Deb Collins, dated October 16, 2017

    Letter from Frederick Guy to NYS Department of Motor Vehicles, dated December 19, 2017

    Department of Motor Vehicles Franchised Motor Dealer Request for Adjudicatory Proceeding, dated December 19, 2017

    Voided Check and 1099-R forms

    Letter, dated June 1, 2009, from General Motors to Bombard

    General Motors Corporation Dealer Sales and Service Agreement, dated September 14, 2005

Memorandum Opinion and Order Granting General Motors LLC's Motion to Enforce Sale Order with Respect to Pat Bombard, ordered on April 13, 2018

*[Signature: Pat J. Bombard]*

Pat J. Bombard

Pro-Se Appellant

5 Wheeler Ave

Fayetteville, NY 13066

315.382.9464